Filed 7/29/14  P. v. Stewart CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058988 |
| v. | (Super.Ct.No. RIF091928) |
| THYRONE RYAN STEWART, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal,  for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Eric A. Swenson and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Thyrone Ryan Stewart appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1] Defendant's sole contention in this appeal is that his rights under the Sixth Amendment of the United States Constitution were violated because the trial court, and not a jury, determined that he intended to cause great bodily injury during the commission of his current offense, and denied his petition for resentencing on that basis.[2] We affirm.

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

[2] We note that the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308 [158 Cal. Rptr. 3d 446], review granted July 31, 2013, S211708 [court held denial of section 1170.126 petition was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941 [157 Cal. Rptr. 3d 315], review granted July 31, 2013, S212017 [court held denial of section 1170.126 petition appealable].) Even if we were to conclude defendant had appealed from a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review the merits of defendant's appeal.

## I.  FACTS AND PROCEDURAL BACKGROUND[3]

Shortly after defendant was paroled from prison on April 22, 2000, he was arrested and charged with assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1), count 1), battery which inflicted serious bodily injury (§ 243, subd. (d), count 2), and inflicting corporal punishment on a spouse (§ 273.5, subd. (a), counts 3 and 4).  The amended information alleged that during the commission of counts 1 and 3, defendant personally inflicted great bodily injury during domestic violence (former § 12022.7, subd. (d)).  It also alleged the defendant had two prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)), and two prior serious felony convictions (§ 667, subd. (a)(1)), and he had served a prior prison term (§ 667.5, subd. (b)).

Defendant pled not guilty to the charges and denied the allegations.  The trial court granted his motion to bifurcate the trial on the allegations of the prior serious felony convictions, prior strikes, and prior prison terms, and defendant admitted them.  A jury found him guilty as charged in counts 1, 3 and 4, and guilty of the lesser included offense of misdemeanor battery in count 2.  The jury found the great bodily injury allegations were not true.

The trial court sentenced defendant to state prison pursuant to the "Three Strikes" law for a total aggregate term of 51 years to life, as follows:  consecutive indeterminate

---

[3]  This summary of the facts and procedural background is, with the exception of the final paragraph, derived from this court's opinion (*People v. Stewart* (Mar. 12, 2002, E028880) [nonpub.opn.]) with respect to defendant's direct appeal.

terms of 25 years to life on counts 3 and 4, and a consecutive one-year prior prison term enhancement.

On November 27, 2012, appellant filed a section 1170.126 petition for recall of sentence. He filed an amended petition on January 18, 2013, which was heard on June 6, 2013. The trial court denied the amended petition, finding defendant to be ineligible for resentencing because "[d]uring the commission of the current offense" he "intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii); see § 1170.126, subd. (e)(2).)

## II. DISCUSSION

The jury was persuaded defendant used force *likely* to cause great bodily injury when he assaulted his victim, but did not find proof beyond a reasonable doubt that she in fact suffered great bodily injury. These findings do not resolve the question of whether defendant *intended* to inflict great bodily injury: the jury was not asked to determine the defendant's specific intent during the commission of the offenses. After hearing defendant's petition for resentencing, the trial court found that defendant did intend to inflict great bodily injury, based on its own review of the record, and the victim's testimony in particular. Defendant argues that *Apprendi v. New Jersey* (2000) 530 U.S. 466, and its progeny hold that the Sixth Amendment of the United States Constitution requires the issue of defendant's intent to be decided by a jury. Not so.

The United States Supreme Court has clarified that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a

4

reasonable doubt do not apply to limits on downward sentence modifications. (*Dillon v. United States* (2010) 560 U.S. 817, 828 ["Taking the original sentence as given, any facts found by a judge at a [modification] proceeding do not serve to increase the prescribed range of punishment . . . ."].) California appellate courts have applied this principle to petitions for resentencing under Proposition 36 and specifically to determinations of eligibility for resentencing: "*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under [section 1170.126]." (*People v. Osuna* (Apr. 24, 2014) 225 Cal.App.4th 1020, 1039 (*Osuna*) [extending holding of *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, to initial eligibility determination].)

"Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence. [Citations]." (*Osuna, supra*, 225 Cal.App.4th at p. 1040.) Here, the trial court applied a higher standard, finding the disqualifying factor of intent to inflict great bodily injury during the commission of the current offense beyond a reasonable doubt. On appeal, defendant has not challenged the sufficiency of the evidence in support of the trial court's finding, and indeed our review of the record reveals no meritorious basis for him to do so.

Defendant also suggests, in passing, that even if the Constitution does not require a jury to make the determination of a defendant's intent to inflict great bodily harm, the statutory language of Proposition 36 does impose such a requirement. Defendant has waived this argument by failing to raise it under a separate heading in his briefing. (See

*People v. McElroy* (2005) 126 Cal.App.4th 874, 884 fn. 3.)  In any case, however, the

argument is without merit.  (See *Osuna*, *supra*, 225 Cal.App.4th at p. 1038 [Proposition

36 does not require disqualifying factors for eligibility for resentencing under section

1170.126 to be proven to a jury beyond a reasonable doubt].)

### III.  DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
                                              J.

We concur:


RAMIREZ
                    P.J.

RICHLI
                J.